**YANYOU ZHOA–ZHENG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–6073–ag.**

United States Court of Appeals,
Second Circuit.

June 21, 2006.

---

1. Pursuant to Fed. R.App. P. 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Steve Mundie (Jeffrey E. Baron, Malcolm Seymour, on the brief), Baron, Mundie & Shelkin, P.C., New York, NY, for Petitioner.

Kathleen M. Salyer, Assistant United States Attorney (Anne R. Schultz, Sally M. Richardson, on the brief), for R. Alexander Acosta, United States Attorney, Southern District of Florida, Miami, FL.

PRESENT: Hon. JOSEPH M. McLAUGHLIN and Hon. REENA RAGGI, Circuit Judges, and Hon. PAUL A. CROTTY, District Judge.[2]

### SUMMARY ORDER

Yanyou Zhoa–Zheng, a citizen of China, petitions for review of the BIA's October 21, 2004 order upholding Immigration Judge ("IJ") Michael W. Straus's denial of petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

1. *Asylum*

 The IJ denied Zhoa–Zheng's application for asylum based on a finding that he failed to adduce credible evidence of past or feared future persecution. Alternatively, the IJ concluded that, even if petitioner's evidence were credited, it did not convincingly establish such persecution. Although the BIA rejected the IJ's first conclusion, it adopted the second. In

---

**2.** The Honorable Paul A. Crotty, United States District Judge for the Southern District of    New York, sitting by designation.

such circumstances, we review the IJ's decision as modified by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005).

We apply the substantial evidence standard to our review of the agency's factual findings, and we will uphold those findings unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. United States INS,* 386 F.3d 66, 73 (2d Cir.2004). We review the BIA's legal conclusions *de novo. See Zhang Jian Xie v. INS,* 434 F.3d 136, 139 (2d Cir.2006); *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

We have defined persecution as "the infliction of suffering or harm ... on the basis of a protected statutory ground." *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006). We have ruled that persecution contemplates severe suffering or harm; mere harassment or discrimination will not suffice. *See Tian–Yong Chen v. INS,* 359 F.3d 121, 128 (2d Cir.2004). Among the statutory grounds protected from persecution is political belief. Since 1996, Congress has included within this protected sphere any persons "forced to abort a pregnancy or to undergo involuntary sterilization" as well as those who have been "persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program." 8 U.S.C. § 1101(a)(42); *see also Zhang v. United States INS,* 386 F.3d at 71–72 (recognizing derivative spousal claim).

Applying these principles to this case, we preliminarily note that Zhoa–Zheng does not claim past persecution based on the actual forced abortion of his wife or either spouse's involuntary sterilization. To the extent he claims that the couple was threatened with sterilization, we recently ruled that "unfulfilled" threats gen-

erally do not constitute persecution warranting relief from removal. *See Gui Ci Pan v. Gonzales,* 449 F.3d 408, 412–13 (2d Cir.2006); *see also Zhen Hua Li v. Att'y General,* 400 F.3d 157, 165 (3d Cir.2005). Zhoa–Zheng, however, submits that he experienced more than threats. He asserts that the force used against him in an unsuccessful attempt to bring him to a hospital for sterilization itself manifested past persecution on account of his refusal to be sterilized. The IJ concluded otherwise in finding that petitioner had offered no evidence demonstrating "that he was at all harmed in this incident." IJ Decision at 11. This finding is, in fact, supported by the hearing record. Accordingly, in the absence of evidence of harm or suffering, *see Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d at 341, we cannot conclude that "any reasonable adjudicator would be compelled" to find that Zhoa–Zheng established past persecution, 8 U.S.C. § 1252(b)(4)(B).

■ Zhoa–Zheng's claim of feared future persecution is even weaker. To demonstrate a well founded fear of future persecution, an applicant must show that his fear is both subjectively and objectively reasonable. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). The subjective element can be satisfied by the applicant's credible testimony concerning his fear. *See id.* By contrast, the objective component generally requires "reliable, specific objective supporting evidence." *Id.*

As the IJ observed, and the hearing record confirms, Zhoa–Zheng never testified that he feared that he or his wife would be sterilized if he returned to China. Instead, he testified only to a subjective fear of fines or arrest. No "reliable, specific, objective" evidence was adduced, however, to demonstrate that such a fear was objectively reasonable. To the con-

trary, as the IJ observed, because Zhoa–Zheng had already paid a fine when his triplet daughters were born, the likelihood of a further fine for violation of family planning laws was not apparent. Further, the IJ noted that the Chinese family planning laws do not reference imprisonment as a sanction for family planning policy violations. Because it was Zhoa–Zheng's burden to demonstrate that his professed fear of future fines and imprisonment was objectively reasonable, his failure to adduce any supporting evidence itself constitutes substantial evidence permitting the agency to find that feared future persecution had not been established.

### 2. *Withholding of Removal and CAT Relief*

Because Zhoa–Zheng was unable to demonstrate past or feared future persecution to support his asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Wu Biao Chen v. INS*, 344 F.3d 272, 276 (2d Cir. 2003) (*per curiam*). Additionally, because Zhoa–Zheng fails to pursue his CAT claim on appeal, we deem that claim waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1 (2d Cir.2005).

For the reasons stated, the petition for review is hereby DENIED.